**Case No. 15-30706**

**EVELYN ALCALA JEANSONNE,**

**Plaintiff - Appellant**

**v.**

**WELLS FARGO BANK, N.A.; GENERATION MORTGAGE COMPANY; BAYOU TITLE, INCORPORATED,**

**Defendants – Appellees**

---

On Appeal From the United States District Court
for the Eastern District of Louisiana
No. 15-1014

The Honorable Jay C. Zainey, Presiding

---

**ORIGINAL BRIEF OF APPELLANT EVELYN ALCALA JEANSONNE**


**RESPECTFULLY SUBMITTED:**

**BRUNO & BRUNO, LLP**

*/s/ Joseph M. Bruno*
Joseph M. Bruno (La. Bar #3604)
855 Baronne Street
New Orleans, Louisiana  70113
Tel:  (504) 525-1335
Fax: (504) 561-6775
jbruno@brunobrunolaw.com
Attorney of Record for Plaintiff/Appellant

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the justices of this Court may evaluate possible disqualifications or recusal.

A.    Plaintiff:

    1.    Evelyn Alcala Jeansonne

B.    Counsel for Plaintiff:

    2.    Joseph M. Bruno
    3.    Daniel A. Meyer
    4.    Bruno & Bruno, LLP
    5.    Mark A. Jeansonne
    6.    Jeansonne Law Firm

C.    Defendants:

    7.    Wells Fargo Bank, N.A.
    8.    Generation Mortgage Company
    9.    Bayou Title, Inc.

D.    Counsel for Defendants:

    10.    Kent Andrew Lambert
    11.    Brian Michael Ballay
    12.    Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
    13.    Kari M. Rollins
    14.    Zachary L. Sorman
    15.    Winston & Strawn, LLP
    16.    Irl R. Silverstein
    17.    Silverstein Law Firm, A.P.L.C.
    18.    David Brian Cohn
    19.    Cohn Law Firm

E.     District Court Judge Rendering Decision Below:

    20.     Honorable Jay C. Zainey
           U.S. District Court for the Eastern District of Louisiana

                    */s/ Joseph M. Bruno*
                    Joseph M. Bruno (La. Bar #3604)
                    855 Baronne Street
                    New Orleans, Louisiana  70113
                    Tel:  (504) 525-1335
                    Fax: (504) 561-6775
                    jbruno@brunobrunolaw.com
                    Attorney of Record for Plaintiff/Appellant

## STATEMENT REGARDING ORAL ARGUMENT

This is an appeal of the District Court's Judgment dismissing the Plaintiff/Appellant's individual and putative class action complaint for breach of contract and fraud against Generation Mortgage Company related to the foreclosure of her residence in connection with a Home Equity Conversion Mortgage. The resolution of this issue is of critical importance to all Non-Borrowing Spouses of persons accepting Home Equity Conversion Mortgages, and to the Mortgagors alike. Given the nature and complexity of the facts surrounding this case and the potential implications of its outcome, Plaintiff/Appellant believes oral argument is appropriate and requests the opportunity to argue this appeal. Plaintiff/Appellant believes oral argument would assist the Court in deciding the issues presented by appeal.

# <u>TABLE OF CONTENTS</u>

CERTIFICATE OF INTERESTED PERSONS. ..................................................... ii

STATEMENT REGARDING ORAL ARGUMENT ........................................... iv

TABLE OF CONTENTS ............................................................................v

TABLE OF AUTHORITIES ......................................................................vi

STATEMENT OF JURISDICTION.........................................................1

STATEMENT OF ISSUE PRESENTED FOR REVIEW ........................................1

STATEMENT OF THE CASE AND THE FACTS.................................................2

STANDARD OF REVIEW ......................................................................5

SUMMARY OF THE ARGUMENT ......................................................5

ARGUMENT .......................................................................................7

CONCLUSION ....................................................................................14

CERTIFICATE OF SERVICE ..............................................................16

CERTIFICATE OF COMPLIANCE....................................................17

# TABLE OF AUTHORITIES

## CASES

*In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied* 128 S.Ct.1230,1231 (2008)……………………………………………………………5

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir.2002) ……………………………………………………………………5

*Smith v. Reverse Mortg. Solutions, Inc.*, LEXIS 10714, *13 (Fla. 3rd DCA, 2015)………………………………………………………………………8, 9, 10

*Kostopoulos v. Onewest Bank, FSB*, 60 F. Supp. 3d 804, 806 (E.D. Mich. 2014)……………………………………………………………………………9, 10

## STATUTES

U.S.C. 1332(a)…………………………………………………………………...1

28 U.S.C. 1291; and 28 U.S.C. 2106. …………………………………...…….…1

12 U.S.C. § 1715z-20(j), …...……………….............1, 2, 4, 6, 10, 11, 12, 13, 15

12 U.S.C. § 1715z-20(b)(1)……. ………………….....……………….....3, 7

12 U.S.C. § 1715z-20(a)…………. ………………….....……………....…7

12 U.S.C. § 1715z-20(d)(7)…………. ………………….....…………………7

24 C.F.R. 206.41. …………. ………………….....……………….....…….7

Louisiana Civil Code, article 2338.………………… ………………….....14

## STATEMENT OF JURISDICTION

Pursuant to Rule 28 of the Rules of Appellate Procedure, Plaintiffs/Appellants submit the following jurisdictional statement:

(A)    The District Court's jurisdiction was based on U.S.C. 1332(a). Inasmuch as the Plaintiff/Appellant was domiciled in the Eastern District of Louisiana and the Defendant was domiciled outside of Louisiana, complete diversity existed.

(B)    This Court's jurisdiction is based on Article III of the United States Constitution; 28 U.S.C. 1291; and 28 U.S.C. 2106.

## STATEMENT OF ISSUE PRESENTED FOR REVIEW

1.    The District Court granted Defendant Generation Mortgage Company's Motion to Dismiss Pursuant to Rule 12(b)(6), dismissing the Plaintiff's claims for fraud, breach of contract, and wrongful foreclosure with prejudice. Plaintiff submits for review that the District Court improperly denied Plaintiff's aforementioned claims, and seeks review on the basis that Generation Mortgage Company violated HUD regulations binding upon it by foreclosing on Plaintiff's home prior to the occurrence of a trigger event, and that the HUD regulations, specifically 12 U.S.C. § 1715z-20(j), comprise an implied term of the Home Equity Conversion Mortgage contract, and that Generation Mortgage Company breached that implied term of the contract.

1

## <u>STATEMENT OF THE FACTS AND THE CASE</u>

Plaintiff Evelyn Alcala Jeansonne ("Jeansonne") filed suit against Generation Mortgage Company ("Generation"), Wells Fargo Bank, N.A.'s ("Wells Fargo"), and Bayou Title, Inc. ("Bayou Title"), on October 15, 2014, alleging breach of contract, fraud, and an implicit claim for wrongful foreclosure. All defendants moved to dismiss Jeansonne's claims pursuant to Federal Rule 12(b)(6), which the District Court granted on July 4, 2015, entering judgment on July 14, 2015.

The District Court granted Wells Fargo and Bayou Title's motions to dismiss, finding that Jeansonne's claims against them were prescribed at the time of filing. The District Court granted Generation's motion on the grounds that Generation and Jeansonne were not in contractual privity, that Generation breached no actual provision of the Home Equity Conversion Mortgage ("HECM"), and that 12 U.S.C. § 1715z-20(j) creates no duty or implicit contractual term prohibiting GMC from foreclosing on plaintiff's home.[1]    Jeansonne appeals the District Court's judgment only in connection with the judgment on Generation's motion to dismiss.

Evelyn A. Jeansonne and her late husband Avrel Jeansonne purchased a home located at 20225 San Rocco Street, in New Orleans (the "residence"), on

---

[1] ROA. 352 – 355.

April 29, 1988. The Jeansonnes owned the residence in community, where they resided until Avrel Jeansonne's death on May 16, 2014.[2]

Avrel and Evelyn Jeansonne jointly applied for a reverse mortgage in March, 2010. The HECM loan was ultimately made to Avrel Jeansonne alone, naming Evelyn Jeansonne as a non-borrowing spouse, with a mortgage encumbering the Jeansonne residence.[3] Although 12 U.S.C. § 1715z-20(b)(1) would have permitted the Jeansonnes to accept the HECM loan jointly, at closing, Bayou Title, using closing documents provided by Wells Fargo, arranged for Jeansonne to execute an Inter Vivos donation to her husband, Avrel Jeansonne, of her 50% ownership of the residence.[4]

Both Avrel Jeansonne and Evelyn Jeansonne applied jointly for an FHA Refinance HECM on May 11, 2012[5], which they both signed as joint borrowers in three places.[6] That same day, the Jeansonne's application for refinancing was approved, which resulted in the Generation HECM.[7] Evelyn Jeansonne signed the HECM contract[8], which signature block contained verbiage purporting to waive property rights in her home. Despite this verbiage, the refinancing application and

---

[2] ROA. 283 - 284.
[3] ROA. 137.
[4] ROA. 252 – 254; ROA. 98.
[5] ROA. 196 – 202.
[6] ROA. 196, 199, 200.
[7] ROA. 210 - 220.
[8] ROA. 229.

the HUD settlement statement were signed by and identified Evelyn Jeansonne as

co-borrower.[9]

In her suit, Jeansonne pled that Generation "filed for foreclosure against the property subject to the mortgage, and is essentially evicting [her] from the home she shared with her late husband."[10]  She further pled that Generation "knew or should have known that [she] had an ownership interest in the property subject to the mortgage immediately prior to the signing of the WELLS FARGO reverse mortgages" and that Generation had an "inadequate or faulty protocol, or should have had valid protocol, to determine whether or why a non-borrowing spouse suddenly and without consideration donated all of her interest in the property subject to the mortgage."[11]

On May 16, 2014, Avrel Jeansonne died.  One week after his death, in contravention of 12 U.S.C. § 1715z-20(j), Evelyn Jeansonne was notified by Generation that she had 30 days to pay off the reverse mortgage loan balance, $167,880.07, or her home would be seized.[12]  Shortly after August 16, 2014, Evelyn Jeansonne was served with notice of seizure of her house by Generation

---

[9] ROA. 191.
[10] ROA. 19, at ¶ 5.
[11] ROA. 19, ¶ 7.
[12] ROA. 281-282.

Mortgage Company.  At that time, Evelyn Jeansonne learned she had signed over her ownership of her house for nothing.[13]

There is no dispute in the record that the HECM entered into by the Jeansonnes was, in fact, a reverse mortgage insured by HUD.  There is also no dispute that Jeansonne was, at all relevant times, the legal and surviving spouse of Avrel Jeansonne.

## STANDARD OF REVIEW

The district court's judgment of Generation Mortgage Company's Motion to Dismiss under Rule 12(b)(6) is reviewed on appeal *de novo*. <u>*See*</u> *In re Katrina Canal Breaches Litig*., 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied* 128 S.Ct.1230,1231 (2008); *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir.2002)(*citing Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir.2001)).

## SUMMARY OF ARGUMENT

Under the facts as pled, there is no dispute that Generation foreclosed on an insured HECM loan encumbering Ms. Jeansonne's home, resulting in the seizure of the residence and her eviction her from her home.  Specific statutes governing insurance and issuance of HECM's (1) classify non-borrowing spouses such as Jeansonne as statutory "homeowners", and (2) prohibit insured HECM lenders

---

[13] ROA. 250, at ¶ 7.

from foreclosing or requiring immediate payment on a HECM until <u>both</u> the homeowner and the non-borrowing spouse die, or otherwise divest themselves of the residence. 12 U.S.C. § 1715z-20(j). Because Jeansonne was alive at the time Generation foreclosed on her residence, Generation wrongfully foreclosed on the HECM and illegally seized the residence prior to the occurrence of a condition-precedent necessary for the foreclosure.

Generation's foreclosure was also in breach of the HECM contract, paragraph 6, prohibiting immediate payment in full of the HECM loan balance where, following a borrower's death, the residence remains "the principal residence of at least one surviving Borrower…"[14] This loan provision attempts to track the requirements set forth in 12 U.S.C. § 1715z-20(j), but fails because Generation's HECM contract uses the term "Borrower", instead of "Homeowner" in the aforesaid provision. Due to this failure by Generation, the HECM contract between Generation and the Jeansonnes must be construed consistent with 12 U.S.C. § 1715z-20(j), and Jeansonne also must be considered a "Borrower" and party to the contract.

---

[14] ROA. 188.

## ARGUMENT

I.    **Home Equity Conversion Mortgage's and Applicable Regulations**

HECM's are home equity loans insured by HUD and available only to elderly homeowners and their spouses.  The stated purpose of the HECM program is to provide a vehicle to elderly homeowners for the "conversion of home equity into liquid assets" while protecting their displacement or eviction in the event of default on the mortgage. 12 U.S.C. § 1715z-20(a).  A lender may only enter into an insurable HECM with an "elderly homeowner", defined as a "homeowner who is, or whose spouse is, at least 62 years of age."  12 U.S.C. § 1715z-20(b)(1).

HUD insures HECM loans to promote and incentivize lenders to participate in the market.  As a consequence, HECM's are subject to unique regulations and requirements designed to *protect both* the homeowner *and their spouse*.  For example, HECM's are required to be non-recourse loans, limiting a lender's recovery to the value of the home securing the loan. 12 U.S.C. § 1715z-20(d)(7). Further, all applicants for reverse mortgages must receive counseling regarding the implications and alternatives to a reverse mortgage. 24 C.F.R. 206.41.

Congress has expressed a *clear intent* to protect the surviving spouses of HECM borrowers from eviction or foreclosure prior to their death.  As evidence, Congress enacted 12 U.S.C. § 1715z-20(j), which provides that a HECM borrower's debt is not payable until the occurrence of a trigger event, such as the

death of the homeowner and their spouse, or sale of the residence. 12 U.S.C. § 1715z-20(j). Subsection (j) explicitly prohibits HUD from insuring a HECM loan unless such protections are afforded to <u>both the homeowner and their spouse</u>, providing:

> "The Secretary may not insure a home equity conversion mortgage under this section unless such mortgage provides that the homeowner's obligation to satisfy the loan obligation is deferred until the homeowner's death, the sale of the home, or the occurrence of other events specified in regulations of the Secretary. **For purposes of this subsection, the term "homeowner" includes the spouse of a homeowner**." *Id.* (emphasis added).

The express statutory obligation to defer HECM obligations until after the death of both borrower and non-borrowing spouse in 12 U.S.C. § 1715z-20(j) "would be without effect if a mortgagee were permitted to foreclose on a mortgage while a 'homeowner,' as that term is expressly defined in the statute, maintains the subject property as his or her principal residence." *Smith v. Reverse Mortg. Solutions, Inc.*, LEXIS 10714, *13 (Fla. 3rd DCA, 2015).

## II.    Generation Illegally Seized and Foreclosed on Jeansonne's Residence.

Generation's HECM contract with the Jeansonnes is governed by Federal law and Louisiana law, as set forth in the following provision:

> "**17. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

To this end the provisions of this Security Instrument and the Note are declared to be severable."[15]

By its own express terms, the Generation HECM is governed by federal law, which includes the HUD regulations set forth in 12 U.S.C. § 1715z-20, *et seq*. Federal law governing Generation's HECM requires that the "mortgage provide[] that the homeowner's obligation to satisfy the loan obligation is deferred until the homeowner's death, the sale of the home…For purposes of this subsection, the term "homeowner" includes the spouse of a homeowner." *Id.* 12 U.S.C. § 1715z-20(j). The HECM entered into between the Jeansonnes and Generation failed to comply with § 1715z-20(j) because the loan obligation was deferred only until the death of a <u>borrower</u>, and not a statutory <u>homeowner</u>.[16]

Generation's HECM anticipates and prepares for "the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law."[17] To the extent the "Immediate Payment-In-Full" provision is construed to permit foreclosure before the death or divestiture of Evelyn Jeansonne—the non-borrowing spouse—then this provision conflicts with governing federal law. The District Court endorsed the HECM's non-compliance with federal law, stating that "under the express terms of the mortgages, the lender had the right to accelerate the

---

[15] ROA. 215.
[16] ROA. 188, at ¶ 6.
[17] ROA. 215, at ¶ 6.

debt when Mr. Jeansonne died, this notwithstanding that the Borrower's spouse continued to occupy the home."[18]

Because there is no dispute that Jeansonne was the spouse of Borrower Avrel Jeansonne at the time of his death, and that she was occupying the residence at the time Generation foreclosed on the HECM debt and seized the house, it is clear that Generation was non-compliant with federal regulations set forth in 12 U.S.C. § 1715z-20(j).  Because the HECM adopts federal law as its governing provision, even going as far as anticipating events of non-compliance, the HECM foreclosure provision must be construed consistently with 12 U.S.C. § 1715z-20(j).

## III.    Generation's Duty Not to Foreclose on Jeansonne

As a HECM lender, Generation assumed an affirmative duty to not only counsel potential customers about the risks of their financial product, but also to "safeguard and prevent displacement of homeowner [and homeowner's spouse]." 12 U.S.C. § 1715z-20(j).  In order to prevent displacement of the borrowing homeowner and their spouse, Generation had a duty to ensure that the HECM "loan obligation is deferred until the homeowner's [and his spouse's] death." *Id.* These duties are adopted and assumed by Generation in exchange for the insurance of their HECM's, dramatically reducing their risk on the HECM loans.  By failing

---

[18] ROA. 352.

to adhere to this requirement and illegally foreclosing on a HUD-insured HECM, Generation violated its duty to prevent displacement of Jeansonne.

The United States Court of Appeals for the Fifth Circuit has not previously addressed the specific issue of whether a non-borrowing spouse can assert a breach of contract and wrongful foreclosure claim, grounded in tort, against a lender whose HECM agreement and actions are noncompliant with 12 U.S.C. § 1715z-20(j). In *Kostopoulos v. Onewest Bank, FSB*, 60 F. Supp. 3d 804, 806 (E.D. Mich. 2014), the United States District Court for the Eastern District of Michigan, denied a lender's motion to dismiss, ruling that a plaintiff who was a non-signatory surviving spouse of a HECM borrower, but was nonetheless referenced as a "borrower" in the promissory note, could maintain a breach-of-contract and wrongful foreclosure action against a Lender who foreclosed following the death of her husband (a signatory borrower). *Kostopoulos*, 60 F. Supp. 3d at 811.

In a similar suit in Florida, the Court of Appeal for the Third District reversed a district court's finding that a plaintiff-surviving spouse was not a "borrower" on a HECM where she executed a mortgage, but not a promissory note. *Smith*, LEXIS 10714, *13. In that case, the lender foreclosed on the plaintiff following the death of her husband, a borrowing spouse. *Id.* at *2. Although the *Smith* plaintiff was identified as a borrower on the mortgage, the Court buttressed its ruling by finding that it was "compelled to construe a contract consistent with

11

specific statutes that regulate and govern the contract." *Id.* at *14 (citations omitted). The Court concluded its reasoning by stating:

> "Our interpretation of the subject reverse mortgage is made rather easy in light of Congress's clear intent to protect from foreclosure a reverse mortgagor's surviving spouse who is maintaining the encumbered property as his or her principal residence. The subject reverse mortgage is insured by HUD pursuant to a Congressionally prescribed scheme that expressly requires deferment of the obligation to satisfy the loan secured by such mortgages until the death of the borrower and any spouse of the borrower…
>
> Against the backdrop of this unambiguous Congressional mandate, it would be difficult, if not impossible, for us to construe Mrs. Smith as anything other than a "Borrower" for the purposes of Paragraph 9's express conditions precedent."

*Id.* at *15.

The distinction between Jeansonne and the plaintiffs in *Kostopoulos* and *Smith* is that Jeansonne's HECM does not expressly identify her as a borrower. However, Generation's duty to prevent foreclosure on a surviving spouse applies to statutory homeowners—a category into which Jeansonne undoubtedly fits.

Although the Generation HECM contract does not identify Evelyn Jeansonne as a borrower, it acknowledges that she is a "non-borrowing spouse," which triggers Generation's duty to her in order to comply with 12 U.S.C. § 1715z-20(j).[19] Moreover, the Generation HECM settlement statement and the application

---

[19] ROA. 218.

reflect Evelyn Jeansonne as a "borrower."[20]    Consequently, as a statutory homeowner well-known to Generation, the distinction between Jeansonne's claim, and the successful appeals cited above, do not preclude reversal for equivalent grounds and reasons.

### III.    Jeansonne Has A Claim for Breach of Duty and Breach of Contract Against Generation.

Generation had actual knowledge that Evelyn Jeansonne was the spouse of Avrel Jeansonne at his time of death. She is identified as a non-borrowing spouse on the HECM contract[21], and Generation directed their May 23, 2014 acceleration-of-debt-notice to Jeansonne at her residence.[22]

Consequently, either as a non-borrowing signatory to the HECM, or as an acknowledged borrower on the HECM settlement statement and application, Generation owed a duty to Evelyn Jeansonne to ensure that she was protected from eviction by deferring the HECM obligation until her death.  This duty is affirmed by 12 U.S.C. § 1715z-20(j).  In order to construe the HECM consistent with specific governing statutes, Generation's "Immediate Payment-In-Full" provision must be read to defer foreclosure under the death or divestiture of both statutory homeowners, including Evelyn Jeansonne.

---

[20] ROA. 199, 195, and 218.
[21] ROA. 218.
[22] ROA. 281-282.

Because Generation foreclosed on Jeansonne, a statutory homeowner occupying the residence, prior to her death, they violated their duty to Jeansonne, and the District Court's judgment on this matter should be reversed and the case remanded for further proceedings.

Further, Jeansonne's breach of contract claim is understood as a third-party-beneficiary claim, insofar as any and all funds received under the HECM are community property, pursuant to Louisiana Civil Code, article 2338. Jeansonne would also seek to prove that the HECM was violated at the aforementioned "Immediate Payment-In-Full" provision. A HUD-insured lender like Generation is obligated to guarantee that a HECM obligation is deferred until the spouse of the homeowner's death, or the sale of the home. Because Evelyn Jeansonne was foreclosed upon and evicted from her home prior to her death or the sale of her home, Generation beached their contractual and statutory duties to protect her from eviction under the HECM contract.

## CONCLUSION

Evelyn Jeansonne is the victim of a breach of contract and breach of duty, by Generation Mortgage Company, who, following the death of her husband, summarily foreclosed on her and evicted her from her home, in violation of federal regulations and implied contractual terms. Jeansonne alleged a class complaint on the belief that she is one of many non-borrowing spouses who have been subjected

14

to the same unfair and illegal treatment.  Generation Mortgage Company ignored the protections from eviction set forth in 12 U.S.C. § 1715z-20(j), and seized Ms. Jeansonne's residence while she was still occupying the home full-time.

The District Court granted Generation's motion based, in part, on its finding that "in no case cited…has a court invalidated an otherwise valid contractual agreement between a lender and a borrower, much less held the foreclosing lender potentially liable for damages, based on the fact that HUD was willing to insure a loan secured by a reverse mortgage that did not comply with § 1715z-20(j)."[23] This reasoning highlights the district court's error.  Jeansonne does not seek to invalidate the HECM.  Instead, she seeks to recover damages for Generation's violation of duty under the HECM, and construe the HECM consistently with directly applicable statutes and governing law, and not in a manner condoning plainly noncompliant and illegal behavior.

RESPECTFULLY SUBMITTED:

BRUNO & BRUNO, L.L.P.

/s/ *Joseph M. Bruno*
Joseph M. Bruno (La. Bar #3604)
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525-1335
Facsimile:  (504) 561-6775

---

[23] ROA. 355.

## **CERTIFICATE OF SERVICE**

Pursuant to Fed. R. App. P. 25, I hereby certify that a true and correct copy of the foregoing Original Brief of the Appellants has been filed via CM/ECF and mailed via United States Mail and electronic mail to all counsel of record, listed below, on this October 26, 2015.

/s/ *Joseph M. Bruno*
Joseph M. Bruno (La. Bar #3604)

## **CERTIFICATE OF COMPLIANCE**

Pursuant to 5 Cir. R. 32.3, the undersigned certifies this brief complies with the Type-Volume Limitation, Typeface Requirements, and Type Style Requirements of 5 Cir.R.32.3.

1.   This brief complies with the type-volume limitation of FED.R.APP.P.32(a)(7)(B) because this brief contains 3891 words.

2.   This brief complies with the typeface requirements of Fed.R.App.P.32(a)(5) and the type style requirements of Fed.R.App.P.32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft in Times New Roman, 14-point font.

/s/ *Joseph M. Bruno*
Joseph M. Bruno (La. Bar #3604)